733 P.2d 1163

**The STATE of Arizona, Appellee,**

v.

**Leonard Salazar TYRRELL, Appellant.**

**No. 2 CA–CR 4342.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 30, 1986.

Review Denied March 10, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Joseph T. Maziarz, Phoenix, for appellee.

D. Jesse Smith, Tucson, for appellant.

## OPINION

HOWARD, Presiding Judge.

Appellant Leonard Tyrrell was tried and convicted on one count of unlawful possession of a narcotic drug and was sentenced to four years' probation. In a separate trial, appellant was convicted on one count of unlawful transportation of marijuana and was sentenced to five years' probation, to be served concurrently with the first sentence. On appeal from both convictions, appellant argues (1) that the prosecution engaged in improper cross-examination of appellant and "vouched" for the credibility of a state's witness during the first trial; (2) that he was deprived of effective assistance of counsel when, during the second trial, his own lawyer elicited testimony from a police officer about an unrelated drug incident; and (3) that A.R.S. § 13–3405(A)(3) is unconstitutional because it violates the proscription against disproportionate penalties in the Eighth Amendment to the United States Constitution. We affirm.

Appellant first claims that, during cross-examination, the prosecutor asked him to speculate about a witness' veracity. Appellant also claims that the prosecutor "vouched" for the credibility of this same witness, Officer Lynch, by asking appellant, "Can you think of any reason why Officer Lynch would come to court and perjure himself and risk fourteen years on the police force?" Appellant argues that the question implied that if Lynch did not testify truthfully he would lose his job, and

thus the state was vouching for Lynch's credibility. Appellant objects to the following testimony:

"Q: Had you been drinking that night?

A: No.

Q: Now you listened to Officer Lynch testify. Do you know Officer Lynch from a previous occasion other than this incident—prior to that?

A: No.

Q: Can you think of any reason why Officer Lynch would come to court and perjure himself and risk fourteen years on the police force?

A: No.

MS. PAUL: I have no other questions."

Appellant's argument is without merit. In *State v. McCall,* 139 Ariz. 147, 677 P.2d 920 (1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2670, 81 L.Ed.2d 375 (1984) the defendant made a similar allegation, claiming that the prosecutor vouched for a witness. The court there concluded that the challenged testimony "simply demonstrates that the witness had no motive to testify falsely." 139 Ariz. at 159, 677 P.2d at 932. We reach the same conclusion.

■ Further, appellant did not raise this objection at trial, and has therefore waived any possible error. Although appellant correctly cites *People v. Cornes,* 80 Ill. App.3d 166, 35 Ill.Dec. 818, 399 N.E.2d 1346 (1980), for the proposition that it is improper for the prosecution to ask a defendant his opinion about the veracity of another witness, appellant ignores another statement in the same case. In *Cornes,* during cross-examination, the prosecutor repeatedly asked the defendant if the complainant and another witness had lied on the stand. The Illinois appellate court said, "[W]e agree that defendant has waived this issue on appeal by making no objection at trial and by failing to raise it in his post-trial motion. Even if we were to consider the issue not waived, it is clear that any error associated with this cross-examination was harmless." 35 Ill.Dec. at 823–24, 399 N.E.2d at 1351–52. We agree.

■ Appellant next claims he was deprived of effective assistance of counsel because his own lawyer elicited testimony from Officer Lynch regarding Lynch's discovery of "white powder residue" in appellant's car trunk. On re-direct examination of Lynch, the prosecutor questioned him about the residue, and defense counsel failed to object.

In order to prevail on a claim of ineffective assistance, appellant must show that defense counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Nash,* 143 Ariz. 392, 694 P.2d 222 (1985), cert. denied, 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706. There is a strong presumption that counsel's conduct was reasonable. *Strickland v. Washington,* supra. Appellant "must show a reasonable probability that, but for counsel's unprofessional conduct, the outcome of the case would have been different." *State v. Escalante,* 148 Ariz. 298, 302, 714 P.2d 468, 472 (App.1986).

■ We do not believe the verdict in this case would have been any different if the testimony regarding the residue had not been given. The evidence presented by the prosecution clearly supports a guilty verdict on the charge of unlawful transportation of marijuana: Two police officers testified that there was a strong odor of marijuana coming from defendant's car; Officer Lynch testified that marijuana was in fact found in defendant's car; a criminalist at the Tucson City/County Crime Lab testified that the marijuana found in defendant's car weighed approximately 242 grams, or about one-half pound. The challenged testimony did not prejudice appellant; therefore, his challenge fails under the *Strickland* and *Nash* analysis.

■ Appellant's final claim is that A.R.S. § 13-3405 is violative of the Eighth Amendment's proscription against dispro-

portionate penalties.[1] He argues that the penalty for transportation of marijuana, a class 2 felony, is disproportionate to the penalty for possession of marijuana, which is a class 6 felony.

This issue, in another context, was addressed in *State v. McInelly*, 146 Ariz. 161, 704 P.2d 291 (App.1985). In *McInelly*, the defendant appealed his conviction for transportation of marijuana, arguing that there is no rational basis for criminalizing the transportation of marijuana separately from and more severely than possession. Although the challenge made here is not the same, the analysis is appropriate. Our court said:

> "There is a presumption that the legislature acts constitutionally, and when there is a reasonable, even though debatable, basis for the enactment of the statute, we will uphold the statute unless it is clearly unconstitutional. [citation omitted] If the court can discover any purpose related to public health, safety or welfare which the statute could serve, we will not question the wisdom of the legislation.... Independent rational bases exist ... for the separate proscription of transportation of [marijuana]. Transporting an intoxicating substance in the cabin area of a motor vehicle may encourage its use or consumption by the driver, which in turn could threaten the safety of those riding in the vehicle and of the public as well. In addition, the transportation of illegal substances facilitates their distribution, contrary to the state's interest." 146 Ariz. at 163, 704 P.2d at 293.

There is no constitutional violation.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.

---

**1.** We note that appellant concedes that the sentence he received, five years' probation and 90 days in the Pima County Jail, is not in itself disproportionate to the offense.