■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EDWARD ADAMS, JR., Appellant.—Judgment unanimously affirmed. Memorandum: We disagree with defendant that questions of the prosecutor on cross-examination deprived him of a fair trial. Requiring a defendant to characterize police testimony as a lie is a tactic that has been condemned by this court (see, People v Montgomery, 103 AD2d 622). However, the court sustained an objection to this questioning, which was not lengthy, and this isolated incident does not require reversal of defendant's conviction. While certain comments made by the prosecutor on summation were technically improper, their prejudicial effect must be analyzed before reversal would be warranted (People v Wood, 66 NY2d 374, 379). In light of the overwhelming proof of guilt in this case, reversal is not required.

Nor was defendant denied the effective assistance of counsel because his attorney did not secure the presence of an alleged alibi witness at his trial. Indeed, the record indicates that counsel's efforts to speak with this alleged witness were exhaustive. He called her, left messages, wrote letters, visited her apartment personally, and made several appointments with her which she did not keep. He hired an investigator who likewise was unable to meet with this potential witness. Under these circumstances, we cannot conclude that counsel's failure to secure this person's testimony was the equivalent of ineffective assistance. We have reviewed the other contentions raised by defendant and find no merit in them. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—robbery, second degree, and another charge.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.