◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO RODRIGUEZ, Appellant. [705 NYS2d 387] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 11, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated February 24, 1999, which denied his motion pursuant to CPL 440.10 to vacate the judgment based upon juror misconduct and the ineffective assistance of counsel.

Ordered that the judgment and the order are affirmed.

The prosecution is required to turn over to the defense counsel all statements of a prosecution witness relating to the subject matter of the witness's testimony (*see,* CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286). Here, the representation by the prosecutor that no prior statements of the subject witnesses existed satisfied the prosecutor's burden, since the defendant could not articulate a factual basis for his claim that the prosecutor improperly denied the existence of such statements (*see, People v Poole,* 48 NY2d 144; *People v Perez,* 209 AD2d 643; *cf., People v Minnerly,* 162 AD2d 627). Therefore, there was no *Rosario* violation.

Under the totality of the circumstances, the defendant was not denied the effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708; *People v Castaneda,* 198 AD2d 292; *People v Adams,* 148 AD2d 964).

The defendant's remaining contentions are without merit. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.