10 P.3d 630

The STATE of Arizona, Appellee,

v.

Theodore Lopez MORALES, Appellant.

No. 2 CA–CR 99–0048.

Court of Appeals of Arizona, Division 2, Department A.

July 18, 2000.

Redesignated as Opinion and Publication Ordered Sept. 5, 2000.

Janet Napolitano, Arizona Attorney General By Paul J. McMurdie and Cynthia A. Ryan, Tucson, for Appellee.

Isabel G. Garcia, Pima County Legal Defender By Robb P. Holmes, Tucson, for Appellant.

PELANDER, Judge.

¶ 1 A jury found appellant Theodore Morales guilty of aggravated driving under the influence of intoxicating liquor (DUI) while his license was suspended and aggravated DUI with a blood alcohol concentration (BAC) of .10 or more while his license was suspended. The trial court imposed presumptive, concurrent prison terms of 4.5 years. Morales raises three issues on appeal, none of which merits reversal.

### A. Jury Instructions

¶ 2 Morales contends the trial court erred in instructing the jury on the "impaired to the slightest degree" element of A.R.S. § 28–1381(A)(1) and on the statutory presumptions in A.R.S. § 28–1381(G). We find no error in either instruction. The trial court told the jury that DUI required proof of the following:

> The defendant drove or was in actual physical control of a vehicle and, at the time of driving:
>
> 1. He was under the influence of intoxicating liquor, and
> 2. He was impaired to the slightest degree.

¶ 3 Morales objected to subparagraph (2) because it did not include language stating that the impairment had to result from alcohol consumption. According to Morales, the instruction as given permitted the jury to find him guilty based on an impairment caused by his bad knee or some condition other than his having consumed intoxicating liquor. He further contends the trial court should have read Revised Arizona Jury Instruction (Criminal) (1989 and Supp.1996) 28.692(A)(1) (RAJI), which requires proof that "[t]he defendant's ability to drive a motor vehicle was lessened to the slightest degree by reason of being under the influence of intoxicating liquor."

¶ 4 We review de novo the question whether jury instructions correctly stated the law. *State v. Orendain*, 188 Ariz. 54, 932 P.2d 1325 (1997). Although RAJI 28.692(A)(1) tracks the language of the old DUI statute, former § 28–692(A), the trial court's instruction closely tracked the language of the current statute, § 28–1381(A)(1).[1] Thus, the court's instruction did not misstate the law. "[W]hen a jury is properly instructed on the applicable law, the trial court is not required to provide additional instructions that do nothing more than reiterate or enlarge the instructions in defendant's language." *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995).

¶ 5 In addition, any alleged ambiguity in the instruction was alleviated by the prosecutor's closing argument, which made clear that the jury had to find that Morales was "impaired to the slightest degree by alcohol." *See State v. Bruggeman*, 161 Ariz. 508, 510, 779 P.2d 823, 825 (App.1989) (court may consider closing arguments of counsel when evaluating jury instructions). Finally, we find meritless Morales's contention that the instruction permitted the jury to find him guilty based on an impairment "such as a cataract, the after effects of a stroke, or, as here, a bad knee." Common sense refutes the argument. *Cf. State v. LeBlanc*, 186 Ariz. 437, 439, 924 P.2d 441, 443 (1996) ("For too long, we have treated jurors like untrustworthy children instead of responsible adults, insulting their individual and collective intelligence by attempting to micromanage their discussions and deliberations.").

¶ 6 Morales also contends the trial court's instruction on the statutory presumptions in § 28–1381(G) was misleading because it did not make clear that the presumptions

apply only to the time of the test and that "impairment must exist at the time of driving." Because Morales did not object to the instruction below, he waived this argument absent fundamental error. Ariz. R.Crim. P. 21.3, 17 A.R.S.; *State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991).

¶ 7 We first note that the court's instruction tracked the language of § 28–1381(G) and RAJI 28.693. Second, the instruction, particularly when viewed with the court's other instructions, is not misleading. The instruction on the elements of DUI clearly required proof that Morales was under the influence of intoxicating liquor "at the time of driving." And, the state may rely · on evidence of a defendant's BAC within two hours of driving in proving that the defendant was impaired to the slightest degree at the time of driving. *See State v. Klausner*, 194 Ariz. 169, 978 P.2d 654 (App.1998). We find no error, fundamental or otherwise, in the court's instruction.

## B. Prosecutorial Misconduct

¶ 8 In testifying at trial, Morales denied that: 1) a police officer had followed him for three blocks with his lights and siren activated; 2) Morales had failed to take nine steps during the "walk and turn" test; and 3) he had incorrectly stated his location during the DUI investigation. That testimony directly contradicted the police officers' testimony. While cross-examining Morales about the contradictions, the prosecutor asked, without objection, whether the officers had lied.[2] Morales contends the prosecutor committed misconduct by asking such questions.

¶ 9 By failing to object to the questions he now challenges, Morales waived the issue absent fundamental error. *Gendron.*

---

1. Under § 28–1381(A), it is unlawful for a person to drive "[w]hile under the *influence of* intoxicating liquor ... if the person is impaired to the slightest degree."

2. The questions and answers were as follows:

    Q. [T]he officer was behind you for three blocks with his lights on?
    A. He was not behind me for three blocks with his lights on.
    Q. So ... Officer Padilla ... made [that] up?
    A. I'm not sure if he made that up.

    Q. So when Officer Padilla asked you where are you *now*, after reading you the Miranda Rights, he was wrong or he's lying?
    A. Either misunderstood me.
    ....
    Q. During the walk and turn test, you agree you only took six steps?
    A. I have agreed to nothing like that. No, I believe I took the proper amount of steps.
    Q. So the officers either make it up, just—you wrong [sic]?
    A. That's a matter of opinion, you know. I cannot tell you that.

"Before we may engage in a fundamental error analysis, however, we must first find that the trial court committed some error." *State v. Lavers,* 168 Ariz. 376, 385, 814 P.2d 333, 342 (1991). "If it is determined that error occurred, the prejudicial nature of the unobjected-to error must be evaluated in light of the entire record." *State v. Thomas,* 130 Ariz. 432, 436, 636 P.2d 1214, 1218 (1981).

¶ 10 Most courts that have addressed the issue have held that asking a witness whether another witness has lied is categorically improper. *See United States v. Richter,* 826 F.2d 206 (2d Cir.1987); *Freeman v. United States,* 495 A.2d 1183 (D.C.App.1985); *People v. Riley,* 63 Ill.App.3d 176, 19 Ill.Dec. 874, 379 N.E.2d 746 (1978); *State v. Flanagan,* 111 N.M. 93, 801 P.2d 675 (App.1990); *People v. Adams,* 148 A.D.2d 964, 539 N.Y.S.2d 200 (1989); *State v. Casteneda–Perez,* 61 Wash.App. 354, 810 P.2d 74 (1991). Some courts, however, have held that such questions properly emphasize the conflict in evidence, *see Whatley v. State,* 270 Ga. 296, 509 S.E.2d 45, 51 (1998), and properly challenge the defendant's credibility. *Fisher v. State,* 128 Md.App. 79, 736 A.2d 1125, 1162–63 (1999). Arizona courts have not directly addressed this issue.[3]

¶ 11 Morales contends the prosecutor's questions were argumentative, invaded the province of the jury, and failed to allow for "a possibility of mistake, lapse of memory, or failure of observation." According to Morales, the improper questions denied him a fair trial. In contrast, the state urges us to adopt a blanket rule that "asking a witness who completely contradicts another witness to comment on that witness' veracity" is "permissible cross-examination."

¶ 12 We reject both arguments. We see no good reason to adopt a bright line rule that automatically permits or prohibits the type of questions at issue here. In general, other courts have concluded that questioning a witness on whether another witness lied

poses definite dangers to the fact-finding process. For example, some courts have reasoned that such questions may well invade the jury's province to determine witness credibility, *Flanagan,* 801 P.2d at 679; *Casteneda–Perez,* 810 P.2d at 79; suggest only one explanation for inconsistent testimony and disregard other possible explanations, such as mistake, poor ability or opportunity to observe, or hazy recollection, *Flanagan;* produce answers that are not particularly helpful to the trier of fact, *see Fisher; see also Moss v. Commonwealth,* 949 S.W.2d 579 (Ky.1997); *State v. Pilot,* 595 N.W.2d 511, 518 (Minn.1999); and be argumentative and encourage decision-making on an improper basis. *Richter,* 826 F.2d at 208–09; *Flanagan; Casteneda–Perez,* 810 P.2d at 79.

¶ 13 Despite those concerns, "were they lying" questions may not always be improper. *See, e.g., Pilot; People v. Overlee,* 236 A.D.2d 133, 666 N.Y.S.2d 572 (1997). For example, such questions may be appropriate when the only possible explanation for the inconsistent testimony is deceit or lying or when a defendant has opened the door by testifying about the veracity of other witnesses on direct examination. *See Pilot; Overlee.* Absent such circumstances, however, the safest and recommended course is for parties to refrain from asking such questions.

¶ 14 Even assuming the prosecutor's questions here were improper, they did not result in fundamental error. *Gendron,* 168 Ariz. at 155, 812 P.2d at 628. *See also State v. Bible,* 175 Ariz. 549, 572, 858 P.2d 1152, 1175 (1993), *quoting State v. Hunter,* 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984) ("Fundamental error is 'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'"). "To be fundamental, the error 'must be clear, egregious, and curable only

3. In *State v. Tyrrell,* 152 Ariz. 580, 582, 733 P.2d 1163, 1165 (App.1986), this court held that the prosecutor had not improperly vouched for the credibility of a police officer witness by asking the defendant if he could " 'think of any reason why [the officer] would come to court and perjure himself and risk fourteen years on the police

force.' " Citing *People v. Cornes,* 80 Ill.App.3d 166, 35 Ill.Dec. 818, 399 N.E.2d 1346 (1980), we also found any error relating to that cross-examination harmless, even assuming that "it is improper for the prosecutor to ask a defendant his opinion about the veracity of another witness." *Tyrrell,* 152 Ariz. at 582, 733 P.2d at 1165.

via a new trial.'" *Bible,* 175 Ariz. at 572, 858 P.2d at 1175, *quoting Gendron,* 168 Ariz. at 155, 812 P.2d at 628.

¶ 15 "Were they lying" questions alone will rarely amount to fundamental error. *See Freeman; Flanagan; Casteneda–Perez. But cf. Richter.*[4] The prosecutor's comment in closing argument that "the officers have lied or they're completely inconsistent" pales in comparison to the summation in *Richter,* in which the prosecutor repeatedly asserted that, in order to acquit the defendant, the jury had to determine that the police officers had lied. 826 F.2d at 208–09. In addition, not only did the prosecutor in this case give Morales an opportunity to explain the inconsistency between his testimony and the officers', but Morales seized that opportunity and attributed the inconsistencies to mistakes or misunderstandings. Moreover, the trial court instructed the jurors before and after the presentation of evidence that they were the sole triers of witness credibility and that a police officer's testimony "is not entitled to any greater or lesser weight or believability merely because of the fact that he is a police officer." Finally, based on the evidence that Morales had a BAC of at least .191 and that he generally had performed poorly on field sobriety tests, we cannot say the questions deprived him of a fair trial.

¶ 16 Morales's convictions and the sentences imposed are affirmed.

CONCURRING: M. JAN FLÓREZ, Judge, and JOSEPH W. HOWARD, Judge.

4. Apparently *Richter* "has not been embraced by any other federal courts outside the Second Circuit." *See United States v. Williamson,* 53 F.3d 1500, 1523 n. 14 (10th Cir.1995). And, even the Second Circuit has remarked that "defendants invoking *Richter* have not succeeded in obtaining reversal of their convictions when the starkly offensive prosecutorial delinquencies in *Richter* were not replicated." *United States v. Gaind,* 31 F.3d 73, 77 (2d Cir.1994).