OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
*133 In our opinion, the trial court’s refusal to provide the jury with an adverse inference charge as to the People’s alleged failure to produce handwritten notes, taken by an unnamed uniformed officer during a conversation with a witness, did not constitute reversible error. The witness, under cross-examination, simply testified that one of the uniformed officers was writing some notes while she was talking with them shortly after the alleged incident. The witness had no knowledge of the contents of said notes and was not asked to sign any statement. In view of the foregoing, it cannot be said that defense counsel articulated a factual basis for his claim that the People improperly denied the existence of any statements of the witnesses (see People v Rodriguez, 270 AD2d 505 [2000]; see also People v Poole, 48 NY2d 144 [1979]). Moreover, even if the statements did exist, there was no showing that the nondisclosure would have materially contributed to the result of the trial (see CPL 240.75; see also People v Sorbello, 285 AD2d 88 [2001]). In addition, the testimony of said witness revealed that there were other incidents involving the same defendant over a relatively short period of time. Indeed, the testimony of Christina Torres was not of such a nature as to subject the People to a claim that they violated the Rosario rule, and it was more than sufficient to establish each and every element of the offense charged beyond a reasonable doubt (People v Crimmins, 36 NY2d 230 [1975]).
We note that the court’s charge regarding the People’s failure to produce the 911 telephone tapes of two of their witnesses constituted an appropriate exercise of the court’s discretion, consistent with the need to eliminate any prejudice to defendant (People v Martinez, 71 NY2d 937, 940 [1988]). Furthermore, we are of the view that the court’s charge adequately conveyed the appropriate standards to the jury. Finally, even if we were inclined to agree with defendant that a more appropriate charge was warranted, any error, in light of the overwhelming evidence of guilt, would be harmless (see People v Crimmins, supra).
Pesce, P.J., Aronin and Golia, JJ., concur.