The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gary L. LIGGETT, Defendant–Appellant.

No. 02CA2602.

Colorado Court of Appeals,
Div. II.

Jan. 13, 2005.

Certiorari Granted June 6, 2005.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

ROTHENBERG, J.

Defendant, Gary L. Liggett, appeals the trial court judgment entered upon a verdict finding him guilty of theft and forgery. We affirm.

According to the People's evidence at the bench trial, defendant stole several blank checks from his workplace, inserted his name as payee on one of them, forged his employer's signature, and then cashed it.

## I.

■ Defendant first contends the trial court erred in allowing the prosecution to ask him repeatedly during cross-examination whether certain witnesses were "lying" when their testimony contradicted his. We agree the questions were improper, but conclude reversal is not warranted.

■ Cross-examination is the principal means by which the believability of a witness and the truth of his or her testimony are tested, and it should be liberally extended to permit a thorough inquiry into the motives of the witnesses. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

■ The scope of cross-examination is within the discretion of the trial court, and we will not overturn its decision absent an abuse of that discretion. An abuse of discretion occurs only if the trial court's ruling on this issue is manifestly arbitrary, unreasonable, or unfair. *People v. Mandez,* 997 P.2d 1254 (Colo.App.1999).

■ As a general rule, a defendant who testifies in a criminal case may be cross-examined like any other witness regarding his or her credibility. *People v. Dore,* 997 P.2d 1214 (Colo.App.1999). Nevertheless, a majority of jurisdictions that have addressed the issue have held it is improper to question the defendant about the veracity of other witnesses. *See United States v. Sanchez,* 176 F.3d 1214 (9th Cir.1999); *United States v. Gaines,* 170 F.3d 72 (1st Cir.1999); *United States v. Lin,* 101 F.3d 760 (D.C.Cir.1996); *United States v. Scanio,* 900 F.2d 485 (2d Cir.1990), *abrogated on other grounds by Ratzlaf v. United States,* 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994); *State v. Singh,* 259 Conn. 693, 793 A.2d 226 (2002); *Knowles v. State,* 632 So.2d 62 (Fla.1993); *People v. Riley,* 63 Ill.App.3d 176, 19 Ill.Dec. 874, 379 N.E.2d 746 (1978); *State v. Graves,* 668 N.W.2d 860 (Iowa 2003); *State v. Manning,* 270 Kan. 674, 19 P.3d 84 (2001); *Commonwealth v. Martinez,* 431 Mass. 168, 726 N.E.2d 913 (2000); *State v. Flanagan,* 111 N.M. 93, 801 P.2d 675 (Ct.App.1990); *Burgess v. State,* 329 S.C. 88, 495 S.E.2d 445 (1998); *State v. Emmett,* 839 P.2d 781 (Utah 1992); *State v. Casteneda–Perez,* 61 Wash. App. 354, 810 P.2d 74 (1991).

Four states have created exceptions to the prohibition and have allowed questions on witnesses' veracity when the only possible explanation for the inconsistent testimony is deceit or lying or when a defendant has opened the door by testifying about the veracity of other witnesses on direct examination. *State v. Morales,* 198 Ariz. 372, 10 P.3d 630 (Ct.App.2000); *State v. Pilot,* 595 N.W.2d 511 (Minn.1999); *State v. Hart,* 303 Mont. 71, 15 P.3d 917 (2000); *People v. Overlee,* 236 App.Div.2d 133, 666 N.Y.S.2d 572 (1997); *see also State v. Johnson,* 273 Wis.2d 626, 681 N.W.2d 901 (2004) (concluding cross-examination of the defendant regarding the veracity of another witness was proper because its purpose and effect were to impeach the defendant's credibility, not to bolster the credibility of the other witness).

As the court explained in *State v. Morales, supra,* 198 Ariz. at 375, 10 P.3d at 633 (citations omitted):

> We see no good reason to adopt a bright line rule that automatically permits or prohibits the type of questions at issue here. In general, other courts have concluded that questioning a witness on whether another witness lied poses definite dangers to the fact-finding process. For example, some courts have reasoned that such ques-

tions may well invade the jury's province to determine witness credibility; suggest only one explanation for inconsistent testimony and disregard other possible explanations, such as mistake, poor ability or opportunity to observe, or hazy recollection; produce answers that are not particularly helpful to the trier of fact; and be argumentative and encourage decision-making on an improper basis.

Despite those concerns, "were they lying" questions may not always be improper. For example, such questions may be appropriate when the only possible explanation for the inconsistent testimony is deceit or lying or when a defendant has opened the door by testifying about the veracity of other witnesses on direct examination. Absent such circumstances, however, the safest and recommended course is for parties to refrain from asking such questions.

We have found only two cases in which courts have unequivocally held proper the question: "Is the witness lying?" These courts have concluded such questions properly emphasize the conflict in the evidence. *See Whatley v. State,* 270 Ga. 296, 509 S.E.2d 45 (1998); *Fisher v. State,* 128 Md.App. 79, 736 A.2d 1125 (1999), *aff'd in part and vacated in part,* 367 Md. 218, 786 A.2d 706 (2001).

■ We agree with the reasoning of *State v. Morales, supra,* and adopt it as our own. We therefore conclude that questions to the defendant regarding the veracity of other witnesses should be disallowed, except when the only possible explanation for the inconsistent testimony is deceit or lying or when the defendant has opened the door by testifying about the veracity of other witnesses on direct examination.

Here, the prosecution asked defendant repeatedly about the truthfulness of various witnesses while he was testifying at trial, and the exceptions described above do not apply. Hence, we agree with defendant that this questioning was improper.

■ Nevertheless, we presume the trial court disregarded the questions and answers, or in any case, was not unduly swayed by them as a jury might have been. Therefore,

any error was harmless. *See State v. Casteneda–Perez,* supra, 61 Wash.App. at 360, 810 P.2d at 77 (1991) (recognizing that the tactic of asking a witness about the truthfulness of other witnesses may be effective with some jurors, but that "such a prosecutorial tactic would be totally unavailing in a bench trial").

## II.

■ Defendant next contends the prosecutor's repeated references to him as a "con man" during closing argument constituted plain error. We disagree.

■ If, as here, prosecutorial misconduct is alleged, but was not preserved by contemporaneous objection, it will not be considered on appeal unless it was plain error affecting the substantial rights of the defendant. *People v. Constant,* 645 P.2d 843 (Colo.1982) (plain error provides a basis for reversal only where there is a substantial likelihood that it affected the verdict or deprived the defendant of a fair and impartial trial). Prosecutorial misconduct is not plain error unless it is flagrant or tremendously improper. *People v. Constant, supra.*

■ "[L]ack of an objection is a factor to be considered in examining the impact of a prosecutor's closing argument.... The lack of an objection may demonstrate defense counsel's belief that the live argument, despite its appearance in a cold record, was not overly damaging." *People v. Rodriguez,* 794 P.2d 965, 972 (Colo.1990) (quoting *Brooks v. Kemp,* 762 F.2d 1383, 1397 n. 19 (11th Cir. 1985)).

■ In determining whether prosecutorial misconduct mandates a new trial, an appellate court must evaluate the severity and frequency of the misconduct and the likelihood that the misconduct constituted a material factor leading to the defendant's conviction. *People v. Merchant,* 983 P.2d 108 (Colo.App.1999).

In *People v. Mason,* 643 P.2d 745, 752 (Colo.1982), the supreme court stated: "We emphasize here that the prosecutor's references to the defendant as a 'con man' [during closing argument] were improper and indi-

cate either a misplaced zeal to win the case or an ignorance of the elemental principles of trial protocol." Nevertheless, because the defendant in *Mason* did not object at trial to the prosecutor's remarks, the court applied the plain error standard of review and concluded the repeated references were not so prejudicial as to require reversal of the conviction. The court observed that the inappropriate characterizations were few and brief, constituted a very small part of a rather prosaic summation, and therefore, could not have so inflamed the jury that it could not render a fair and impartial verdict. *See People v. Dashner*, 77 P.3d 787 (Colo.App. 2003) (prosecutor's references in closing arguments to defendant as "amnesia boy" did not constitute plain error).

We reach the same conclusion. This was a bench trial, and defendant testified and was cross-examined regarding his prior felony convictions for forgery and theft. He concedes this evidence was proper, but challenges only those portions of the prosecutor's closing argument referring to him as a "con man."

We agree that insofar as a comment by the prosecutor goes beyond a comment on defendant's credibility, it is improper. However, there is no indication in this record that the trial court was improperly swayed by such rhetoric. *See People v. White*, 870 P.2d 424, 440 (Colo.1994) (quoting *Walton v. Arizona*, 497 U.S. 639, 653, 110 S.Ct. 3047, 3057, 111 L.Ed.2d 511 (1990): "Trial judges are presumed to know the law and to apply it in making their decisions.").

Accordingly, we conclude there was no plain error.

### III.

█ Defendant next contends the prosecution committed plain error during closing argument because it shifted the burden of proof by referring to the lack of evidence confirming defendant's theory of defense. Again, we disagree.

█ A prosecutor's comment on the lack of evidence confirming a defendant's theory of the case is permissible and does not shift the burden of proof. *People v. Esquivel-*

*Alaniz*, 985 P.2d 22 (Colo.App.1999); *People v. Medina*, 190 Colo. 225, 545 P.2d 702 (1976) (it is permissible to comment on a defendant's failure to produce witnesses to corroborate alibi testimony).

During closing, the prosecution questioned defendant's claim that the check was written by his employer pursuant to a written employment agreement. The prosecution stated: "[W]here is this employment agreement? . . . Well, Judge, we don't have that employment agreement here. There's no evidence that that agreement was ever subpoenaed, was ever asked for by the defense." Defendant made no objection.

Later in closing argument, the prosecution referred to and paraphrased that part of defendant's testimony in which he said he had received a note from his employer authorizing him to take the check. The prosecution stated without objection: "Well, [defendant] also talks about this note, this interoffice mail that he received from [his employer]. But, oh, [referring to defendant's testimony], I don't have that. You need to take my word on it. Judge, again, there's no evidence that this was ever subpoenaed."

Under these circumstances, we perceive no error—plain or otherwise—in the prosecutor's comment on the lack of evidence confirming defendant's theory of the case.

### IV.

█ Defendant next contends the prosecution presented insufficient evidence of forgery and theft. We disagree.

█ When faced with a challenge to the sufficiency of evidence, the reviewing court must determine whether any rational trier of fact could accept the evidence as sufficient to support a finding of guilt beyond a reasonable doubt. It is the fact finder's function to consider and determine the weight to be given to the evidence and to resolve conflicts, inconsistencies, and disputes in the evidence. *People v. Sprouse*, 983 P.2d 771 (Colo.1999).

█ Thus, we may disturb the trial court's findings on issues of credibility and

weight only if they lack evidentiary support. Such is not the case here.

### A.

Contrary to defendant's contention, the evidence was sufficient to prove he knowingly cashed the check without authorization.

A person commits theft when he or she knowingly obtains or exercises control over anything of value without authorization and intends to deprive the other person permanently of the use or benefit of the thing of value. Section 18–4–401(1), C.R.S.2004. Proof of intent is often necessarily indirect, and the fact finder thus may "infer an intent to cause the natural and probable consequences of unlawful voluntary acts." *People v. Fisher,* 759 P.2d 33, 38 (Colo.1988). A fact finder may believe all, some, or none of a witness's testimony. *People v. Martinez,* 187 Colo. 413, 531 P.2d 964 (1975).

Evidence was presented that several checks were stolen from defendant's workplace and that defendant had access to these checks. Later, he cashed one of the stolen checks made out to him with a forged signature. He testified that his employer authorized him to cash the check, but defendant's employer testified otherwise, and the court found the employer more credible. Therefore, we conclude there was sufficient evidence that defendant knew he lacked authorization to cash the check.

### B.

The evidence was also sufficient to establish that defendant forged the check.

Defendant was convicted of forgery pursuant to § 18–5–102(1), C.R.S.2004, which provides in pertinent part that "[a] person commits forgery if, with intent to defraud, such person falsely makes, completes, alters, or utters" a check.

When a defendant has passed an instrument he or she knows to be false, the fact finder may infer an intent to defraud, particularly if the defendant enjoyed the proceeds from the instrument. *People v. Brown,* 193 Colo. 120, 562 P.2d 754 (1977).

Here, defendant cashed a forged check, claiming his employer gave it to him. However, his employer denied issuing the check to defendant, and there was evidence that he had access to the stolen checks. Thus, there was sufficient evidence that defendant, with intent to defraud, falsely uttered the check.

Judgment affirmed.

Judge NIETO and Judge LOEB concur.