FILED BY CLERK

JAN −7 2011

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-SA 2010-0056 |
| | ) | 2 CA-SA 2010-0063 |
| Petitioner, | ) | (Consolidated) |
| | ) | DEPARTMENT A |
| v. | ) | |
| | ) | O P I N I O N |
| HON. MICHAEL O. MILLER, Judge of the | ) | |
| Superior Court of the State of Arizona, | ) | |
| in and for the County of Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DANIEL OLIVERI, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HON. MICHAEL O. MILLER, Judge of the | ) | |
| Superior Court of the State of Arizona, | ) | |
| in and for the County of Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL JOSEPH NELSON, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause Nos. CR20082120 and CR20101334

JURISDICTION ACCEPTED IN PART;
RELIEF GRANTED IN PART

---

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines

Tucson
Attorneys for Petitioner


Kimminau Law Firm, P.C.
  By Chris J. Kimminau

Tucson
Attorney for Real Party
in Interest Oliveri


Isabel G. Garcia, Pima County Legal Defender
  By Angela C. Poliquin

Tucson
Attorneys for Real Party
in Interest Nelson

---

H O W A R D, Chief Judge.

¶1      In this special action, the State of Arizona seeks relief from the rulings of the respondent judge in the underlying criminal actions against real parties in interest Daniel Oliveri and Michael Nelson in which the respondent made clear he intended to give the Revised Arizona Jury Instruction (Criminal) ("RAJI") 28.1383(A)(1)-1 (2008) rather than the state's requested instruction. The state asserts the RAJI instruction misstates the law by adding an element to the crime of driving under the influence of an intoxicant (DUI). For the reasons stated below, we accept jurisdiction of the state's petition and grant relief.

## Factual and Procedural Background

**¶2**        Oliveri was charged with four counts of aggravated DUI, two of which require the state to prove that he was "impaired to the slightest degree," and Nelson was charged with two counts of aggravated DUI, one of which requires proof that he was "impaired to the slightest degree." *See* A.R.S. § 28-1381(A)(1).  In both cases, the respondent judge expressed his intent to instruct the jury using RAJI 28.1383(A)(1)-1 to define the necessary elements of aggravated DUI.  The state objected on both occasions, and the respondent judge granted a stay of the trials in both proceedings to allow the state to challenge his ruling by bringing special actions in this court.  The state filed its petitions, which we have consolidated.

## Special Action Jurisdiction

**¶3**        Special action jurisdiction is discretionary.  *State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶ 4, 49 P.3d 1142, 1143 (App. 2002).  Because we conclude the RAJI instruction could be misleading and because the state would not have an adequate remedy by appeal, we accept jurisdiction of the state's petitions.  *See* A.R.S. § 13-4032; Ariz. R. P. Spec. Actions 1(a), 3; *see also State v. Dawley*, 201 Ariz. 285, ¶ 2, 34 P.3d 394, 395 (App. 2001) (granting special action jurisdiction to address state's objection to jury instructions in DUI case).  Moreover, the question is likely to arise again.  *See Romley*, 203 Ariz. at 47, 49 P.3d at 1143.

**Discussion**

¶4        The state argues that the respondent judge's intended jury instruction based on RAJI 28.1383(A)(1)-1 is erroneous because it adds an additional element to the charged offenses, requiring it to prove the defendants' ability to drive was impaired instead of proving only that they had been impaired. We review de novo whether a jury instruction correctly states the law. *State v. Johnson*, 212 Ariz. 425, ¶ 15, 133 P.3d 735, 741 (2006).

¶5        Preliminarily, Oliveri and Nelson contend we should review the jury instructions as a whole. But although that would be proper if we were reviewing the propriety of the instruction retrospectively and deciding on appeal whether there had been error, *see, e.g.*, *State v. Zaragoza*, 221 Ariz. 49, ¶ 15, 209 P.3d 629, 633 (2009), it would not be appropriate to do so here, before the case is tried. We do not know what other specific instructions the respondent judge ultimately will give. Furthermore, as the state suggests, the goal should be to give instructions that are completely accurate and correct independently rather than correcting incorrect instructions with other instructions. Therefore, we confine our review to the instruction being challenged.

¶6        We first note that the proposed RAJI 28.1383(A)(1)-1, which instructs on aggravated DUI, incorporates the elements of the basic DUI instruction, RAJI 28.1381(A)(1)-1. *Compare* State Bar of Arizona, *Revised Arizona Jury Instructions (Criminal)* 28.1381(A)(1)-1 *with RAJI* 28.1383(A)(1)-1 (3d 2008). The respondent judge made his ruling based on whether RAJI 28.1381(A)(1)-1 correctly states the law in

4

A.R.S. § 28-1381(A)(1). Therefore, we similarly focus our analysis on RAJI 28.1381(A)(1)-1 and § 28-1381(A)(1).

¶7 Section 28-1381(A)(1) provides: "It is unlawful for a person to drive or be in actual physical control of a vehicle . . . [w]hile under the influence of intoxicating liquor . . . if the person is impaired to the slightest degree." The impairment must result from the intoxicating liquor. *See* § 28-1381(A)(1); *State v. Morales*, 198 Ariz. 372, ¶¶ 3, 5, 10 P.3d 630, 631-32 (App. 2000). And RAJI 28.1381(A)(1)-1 states, in relevant part: "The crime of driving . . . while under the influence requires proof that . . . [t]he defendant's ability to drive a vehicle was impaired to the slightest degree by reason of being under the influence of intoxicating liquor." The state challenges the language in the proposed instruction because it requires proof that the person's ability to drive is impaired, arguing this element does not appear in § 28-1381(A)(1).

¶8 "The purpose of jury instructions is to inform the jury of the applicable law in understandable terms." *State v. Noriega*, 187 Ariz. 282, 284, 928 P.2d 706, 708 (App. 1996). And the instructions "must not mislead the jury in any way." *Id.*

¶9 The legislature has prohibited a person from driving or being in actual physical control of a vehicle while impaired to the slightest degree by intoxicating liquor. *See* § 28-1381(A)(1). It has not chosen to require any finding that the person's physical ability to drive was impaired. *See id.*

5

¶10            We find that the language added to RAJI 28.1381(A)(1)-1 is improper

because it could mislead a jury.[1]   The jury could interpret it to require proof that the

defendant's physical ability to drive was impaired as opposed to requiring only proof that

the "person" was impaired, for example, in judgment.  The state need not offer evidence

of bad driving to prove that a defendant is guilty of DUI.   *See* § 28-1381(A)(1).

Therefore, the instruction has the potential to confuse or mislead the jury as to the

elements of the offense.

¶11            Oliveri and Nelson assert that the challenged instruction does not require

the state to prove an additional element because impairment by alcohol is itself evidence

that the person's ability to drive a motor vehicle is impaired.  Although we agree the jury

could interpret the "ability to drive" language broadly, it could also interpret it narrowly

and require a physical impairment.  And Oliveri and Nelson do not suggest any harm

could arise from the jury being given an instruction more accurately stating the law.

¶12            Oliveri and Nelson next argue that the history of the statute and the

accompanying case law support the inclusion of the language regarding the person's

impaired ability to drive.  But our duty in interpreting statutes is "to give effect to the

legislature's intent" and when the "statute's language is plain and unambiguous, we look

no further."   *State v. Hinden*, 224 Ariz. 508, ¶ 9, 233 P.3d 621, 623 (App. 2010).

---

[1]We are not convinced, however, by the state's assertion that *Morales*, 198 Ariz. 372, ¶¶ 3-4, 10 P.3d at 631-32, found this instruction to be incorrect; the court did not evaluate the appropriateness of the proposed instruction, it merely noted that the instruction tracked the language of the old statute.

6

Previous cases interpreting predecessor statutes that did not have that language have little bearing on the present question. Therefore, we find this argument unpersuasive.

¶13 The history of the DUI statute and the RAJI does show, however, that the RAJI did not change significantly in this regard when the statute was amended to include the requirement that the person be impaired. Rather it retained the language regarding the ability to drive being impaired in the slightest degree.

¶14 Oliveri and Nelson further contend that our supreme court's decision in *Clayton v. State*, 38 Ariz. 135, 140, 297 P. 1037, 1039 (1931), has some bearing on this case because the court stated that the statute "is not against inebriety, but against driving." Thus, they emphasize, "[w]e are dealing with proscribing dangerous driving not inebriety." And they are correct; the statute proscribes a person from driving or being in actual physical control of a vehicle while impaired to the slightest degree by an intoxicating substance. § 28-1381. But it does not follow that, by proscribing such behavior, the state must prove the person's physical ability to drive is impaired. Finally, Oliveri and Nelson assert without support that only behavior, not persons, can be impaired. This argument is waived, however, for lack of proper argument. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (issue waived when argument insufficient to permit appellate review). Consequently, we conclude that RAJI 28.1381(A)(1)-1 does not state the law.

**Conclusion**

¶15      This opinion has limited effect.  We are not examining or changing the substantive law concerning driving while intoxicated.  And, although the RAJI instruction has remained essentially unchanged without this issue having been addressed, courts and parties apparently have been able to explain the law correctly to the juries. Nevertheless, it is important that jury instructions conform accurately to the elements of the relevant statute.  Therefore, we accept jurisdiction of the state's petitions and grant relief, directing the respondent not to give the RAJI instruction as written.


                                        /s/ *Joseph W. Howard*
                                        _____
                                        JOSEPH W. HOWARD, Chief Judge


CONCURRING:

/s/ *J. William Brammer, Jr.*
_____
J. WILLIAM BRAMMER, JR., Presiding Judge


/s/ *Philip G. Espinosa*
_____
PHILIP G. ESPINOSA, Judge