NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM EARL WADE, JR., *Appellant.*

No. 1 CA-CR 20-0096
FILED 2-23-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-121601-001
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Gurion Legal, Phoenix
By Omer Gurion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1 William Earl Wade, Jr. appeals his conviction and sentence for one count of possession or use of dangerous drugs. For the following reasons, we affirm Wade's conviction and modify his sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Police were dispatched to a scene after an individual called 9-1-1 claiming a man threatened him with a knife. Police contacted a man who matched the description of the suspect, and he identified himself as Wade. Wade admitted to having a knife, although he denied threatening anyone. Wade told officers that the knife was in his front right pants pocket. As an officer lifted Wade's shirt to grab the knife, he noticed a small plastic baggie sticking out of Wade's pants pocket. Based on experience, the officer recognized the plastic baggie as a common container for drugs. The officer removed the baggie from Wade's pocket, and saw it contained a white crystal-like substance. The substance later field tested positive for methamphetamine. Wade was arrested, and during a search incident to his arrest, officers also found a glass pipe in Wade's back pants pocket. Wade was charged for possession of dangerous drugs.

¶3 A two-day jury trial was held, and one of the arresting officers testified. The officer testified that after he found the drugs in Wade's pocket, Wade told him the pants he was wearing were not his. Wade claimed the pants had been given to him by someone at a laundromat at Seventh and Roosevelt, but the officer testified there was not a laundromat at those crossroads. Wade told the officer he had no idea there was methamphetamine in the pants pocket. Wade did, however, admit to the officer that he knew about the glass pipe. He claimed to have found the pipe and had the intention of getting rid of it later. The officer also found lip balm, a bike light, a lighter, and the knife in Wade's pants pockets, all of which Wade admitted belonged to him. The only item in the pants pockets of which Wade claimed to be unaware was the methamphetamine.

**¶4**　　　　Wade also testified.　Wade alleged that on the day of his arrest, he told the officer that he borrowed the pants from a friend in the downtown central station area, and not from an unknown man at a laundromat.　Wade admitted that there was not a laundromat at Seventh and Roosevelt.　Wade denied that he knew the drugs were in the pants, and he also denied that the officer found the drugs in the same pocket as the knife. Wade claimed the drugs were instead inside the small coin pocket in the front of the pants, while the knife was in the back pocket.　Wade also stated the baggie of drugs was never sticking out of the pocket or visible to the officer.　Finally, Wade testified that a few minutes before he came into contact with police officers, he came across the glass pipe lying in the street. He claimed to have picked up the pipe so that he could dispose of it and make sure no children found it.

**¶5**　　　　The jury found Wade guilty of possession or use of dangerous drugs.　The superior court sentenced him to four-and-a-half years' imprisonment with a presentence incarceration credit of 200 days.　Wade timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

I.　　Presentence Incarceration Credit

**¶6**　　　　Wade argues he was entitled to 202 days of presentence incarceration credit for count one, although the superior court credited him with only 200 days.　The State agrees Wade is entitled to 202 days of credit.

**¶7**　　　　A defendant sentenced to prison is entitled to have all time spent in custody for the offense credited towards their imprisonment. A.R.S. § 13-712(B).　"[F]or purposes of presentence incarceration credit, 'custody' begins when a defendant is booked into a detention facility." *State v. Carnegie*, 174 Ariz. 452, 453-54 (App. 1993).　A defendant is entitled to a full day of credit for any partial day of incarceration but is not entitled to credit for the day the sentence is imposed.　*Id.* at 454; *State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987).　A court's failure to grant a defendant full credit for presentence incarceration constitutes fundamental error.　*State v. Ritch*, 160 Ariz. 495, 498 (App. 1989).

**¶8**　　　　Wade was booked and released on May 2, 2018, which amounts to one day of presentence incarceration credit.　Following his conviction, Wade was held in custody from July 24, 2019, until his sentencing on February 10, 2020, which amounts to an additional 201 days of presentence incarceration.　Wade should have received 202 days of

presentence credit, and the superior court erred by awarding Wade only 200 days of presentence incarceration credit.

II.      Admission of the Glass Pipe

¶9          Wade argues the court erred in admitting evidence of the glass pipe because it was irrelevant under Arizona Rule of Evidence ("Rule") 401, unduly prejudicial under Rule 403, and "other acts" evidence in violation of Rule 404(b).  We review the admission of evidence for an abuse of discretion.  *State v. Lehr*, 227 Ariz. 140, 147, ¶ 19 (2011).

¶10         Wade failed to object to the admission of the glass pipe on Rule 403 or 404(b) grounds, and so he has forfeited the right to obtain appellate relief on these bases unless he shows fundamental, prejudicial error occurred.  *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Fundamental error is an error that goes to the foundation of the case, error that takes from the defendant a right essential to his defense, or error so egregious the defendant could not possibly have received a fair trial.  *Id.*  To prevail, Wade must establish both that fundamental error exists and that the error caused him prejudice.  *Id.*

¶11         All relevant evidence is admissible unless otherwise prohibited by law.  Ariz. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ariz. R. Evid. 401.  Here, Wade's knowing possession of methamphetamine was a necessary element of the crime for which he was charged.  Wade denied that he knowingly possessed methamphetamine.  Therefore, his possession of a glass pipe, which the officer testified was paraphernalia commonly used to smoke methamphetamine, makes it more probable that Wade also knowingly possessed the drugs.  We find no abuse of discretion in the superior court finding the pipe to be relevant evidence.

¶12         Although relevant evidence is generally admissible, it may be excluded by the court if its probative value is substantially outweighed by a danger of unfair prejudice.  Ariz. R. Evid. 403.  Wade contends for the first time on appeal that the admission of the pipe was prejudicial, and the court failed to weigh whether its probative value substantially outweighed the prejudicial effect.

¶13         Because Wade never argued below that admission of the pipe into evidence was unfairly prejudicial, the court did not expressly weigh the prejudice of admitting this evidence against its probative value before deciding to admit it.  However, we presume the court knows and follows

the law, and that it properly considered any potentially prejudicial effect before admitting it. *See State v. Johnson*, 212 Ariz. 425, 432, ¶ 21 (2006). Moreover, "not all harmful evidence is unfairly prejudicial," and "evidence which is relevant and material will generally be adverse to the opponent." *State v. Schurz*, 176 Ariz. 46, 52 (1993). Wade fails to explain how the evidence was *unfairly* prejudicial. *See id.* ("[u]nfair prejudice" under Rule 403 "means an undue tendency to suggest decision on an improper basis, such as emotion, sympathy or horror") (quotation and citation omitted). Here, the evidence was not unfairly prejudicial, but was adversely probative as it tended to show that Wade had knowledge he was in possession of methamphetamine. Once Wade put at issue his knowledge of possessing the methamphetamine, the evidence had sufficient probative value to withstand a Rule 403 weighing.

**¶14** Relevant evidence can also be excluded under Rule 404(b), which precludes evidence of other crimes, wrongs, or acts that is offered solely to show the character of a defendant to prove disposition to criminality. Ariz. R. Evid. 404(b)(1). Wade contends the admission of the evidence violates Rule 404(b) because the State offered the evidence "to make it less believable that [Wade] was unaware that the methamphetamine was in his pants." However, it was not improper for the State to introduce the evidence for this purpose. Rule 404(b)(2) makes it clear that evidence of other crimes or acts can be admissible for any purpose other than showing criminal propensities, including "proof of motive, opportunity, intent, preparation, plan, *knowledge*, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b)(2) (emphasis added). Here, the State offered the evidence to prove Wade's knowledge in possessing the methamphetamine.

**¶15** Wade also contends the State was required to hold a hearing before admitting the evidence under Rule 404(b) and to provide curative instructions. Although the State gave notice that the glass pipe would be mentioned at trial, Wade failed to raise Rule 404(b) concerns before or during trial, and he did not request that such a hearing be held. We do not find that a hearing was required. When acts are admitted into evidence pursuant to Rule 404(b), the proponent must prove by clear and convincing evidence the acts were committed by the defendant. *State v. Terrazas*, 189 Ariz. 580, 582 (1997). Wade himself admitted to knowingly possessing the pipe. And the superior court did not provide a limiting instruction because Wade never requested one. Ariz. R. Evid. 105 (if evidence is admitted for one purpose but not for another, court must give limiting instruction upon timely request); *see also State v. Miles*, 211 Ariz. 475, 483, ¶ 31 (App. 2005). The court did not err in admitting evidence that Wade possessed a pipe.

5

III.    Prosecutorial Error

**¶16**        Wade argues the State engaged in a pattern of error at trial, which deprived him of a fair trial and due process of law.[1]

**¶17**        "To prevail on a claim of prosecutorial [error], a defendant must demonstrate that the prosecutor's [error] so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Morris*, 215 Ariz. 324, 335, ¶ 46 (2007) (quoting *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998)) (internal quotation marks omitted). Prosecutorial error constitutes reversible error only if "a reasonable likelihood exists that the [error] could have affected the jury's verdict, thereby denying defendant a fair trial." *Id.* (quoting *State v. Anderson*, 210 Ariz. 327, 340, ¶ 45 (2005)). We first assess each claim of alleged error individually, and the applicable standard of review depends upon whether the defendant objected to the alleged error. *State v. Arias*, 248 Ariz. 546, 555, ¶ 31 (App. 2020). When a defendant objects to alleged error, we review for harmless error. *Id.* However, if the defendant fails to object, we review only for fundamental error. *Id.* After determining which claims constitute error, we review the cumulative error to determine whether the total effect rendered the defendant's trial unfair. *State v. Hulsey*, 243 Ariz. 367, 388, ¶ 88 (2018). Here, Wade failed to object to any of the alleged instances of error. As such, we review for fundamental error only.

**¶18**        First, Wade contends the prosecutor committed error by admitting into evidence the glass pipe that was found in Wade's possession when he was arrested. Wade argues the pipe was introduced solely for the purpose of prejudicing him. As explained above, it was not erroneous for the State to offer, and for the superior court to admit, into evidence that Wade possessed a glass pipe. Thus, the State did not commit prosecutorial error by introducing this evidence.

**¶19**        Next, Wade contends the State committed error by asking inappropriate questions during cross-examination. Wade's testimony was inconsistent with an officer's testimony, and so the prosecutor asked Wade several times whether the officer was lying. During closing argument, the prosecutor stated, "You heard the testimony of the defendant. He kept saying the officer is lying, the officer is lying. The officer is not lying. He's

----

[1]    Wade does not argue, and we do not separately determine in this proceeding, whether any ethical violation has occurred. *See In re Martinez*, 248 Ariz. 458, 469-70, ¶¶ 42-47 (2020). Therefore, we refer to the prosecutorial misconduct claims as prosecutorial error. *See id.*

just doing his job. The defendant here has everything to lose, and that is why he's claiming that the officer is lying."

¶20 Arizona courts have not adopted a bright-line rule as to whether "were they lying" questions are improper, and such questions may be appropriate when the only possible explanation for the inconsistent testimony is lying. *State v. Morales*, 198 Ariz. 372, 375, ¶¶ 12-13 (App. 2000). Here, the only possible explanation for the inconsistent testimony would be that either Wade or the officer was lying. Nonetheless, even assuming the questions were improper, they did not result in fundamental error. *See id.* at 376, ¶ 15 ("Were they lying questions alone will rarely amount to fundamental error."). The State presented evidence that Wade was found in possession of both methamphetamine and a glass pipe. Although Wade denied knowingly possessing the methamphetamine, it was found in the same pocket as a knife that he admitted did belong to him. Wade did not deny that he knowingly possessed the glass pipe, and an officer testified that the pipe is one commonly used to smoke methamphetamine. We cannot say that the prosecutor's questions deprived Wade of a fair trial or due process, and Wade has not met his burden of showing that "without the error, a reasonable jury could have plausibly and intelligently returned a different verdict." *See Arias*, 248 Ariz. at 564, 565, ¶¶ 73, 76 (quoting *Escalante*, 245 Ariz. at 144, ¶ 31).

¶21 Wade attempts to draw parallels from *United States v. Richter*, 826 F.2d 206 (2d Cir. 1987) to his case. We find *Richter* to be both distinguishable and not controlling. In *Richter*, during the cross-examination of the defendant, the prosecutor asked several questions aimed at making the defendant testify that an officer was either mistaken or lying, and the prosecutor repeatedly referenced this cross-examination in closing argument. *Id.* at 208-09. The prosecutor in *Richter* also introduced a rebuttal witness to emphasize the cross-examination of the defendant and the inconsistencies between the defendant's and the officer's testimony. *Id.* at 208. The court indicated that if the basis for claiming reversible error was only the questions asked of the defendant on cross-examination, the court "might be inclined to overlook the impropriety." *Id.* But because the prosecutor went further, the cumulative effect of the prosecutor's conduct was found to constitute plain error warranting a new trial. *Id.* at 208-10.

¶22 *Morales* notes:

> Apparently *Richter* "has not been embraced by any other federal courts outside the Second Circuit." *See United States v. Williamson*, 53 F.3d 1500, 1523 n. 14 (10th Cir. 1995). And, even

the Second Circuit has remarked that "defendants invoking *Richter* have not succeeded in obtaining reversal of their convictions when the starkly offensive prosecutorial delinquencies in *Richter* were not replicated." *United States v. Gaind*, 31 F.3d 73, 77 (2d Cir. 1994).

*Morales*, 198 Ariz. at 376, ¶ 15, n.4. Further, the prosecutor's conduct in this case did not rise to the level of "egregious" conduct found to occur in *Richter*. Aside from repeatedly referencing the cross-examination and introducing a rebuttal witness to drive home its argument the defendant was lying, the prosecutor in *Richter* repeatedly stated that to acquit the defendant, the jury must find the officers had lied. *Richter*, 826 F.2d at 209; *see also Morales*, 198 Ariz. at 376, ¶ 15. We do not believe the prosecutor's questions in this case were so egregious as to warrant reversal.

¶23 Finally, Wade argues the prosecutor committed error by objecting to Wade's testimony as "self-serving hearsay" five times. The court sustained two objections and overruled three. After the fifth objection, a sidebar conference was held out of the presence of the jury, and the parties had a discussion as to whether Wade's testimony constituted self-serving hearsay. The court stated, "Because now that the defendant is on the stand, it's no longer self-serving hearsay." The prosecutor did not object on hearsay grounds after this point.

¶24 Prosecutorial misconduct is not merely the result of legal error or mistake, but instead amounts to intentional error that the prosecutor knows is improper and prejudicial. *State v. Aguilar*, 217 Ariz. 235, 238-39, ¶ 11 (App. 2007). The fact the superior court found three of the prosecutor's objections to be legally incorrect does not equate to intentional, prejudicial conduct on the prosecutor's part. The superior court sustained two of the prosecutor's objections, which gave the prosecutor assurance his objections were legally sound. And once the court stated it did not believe Wade's testimony to be self-serving hearsay, the prosecutor did not make any additional hearsay objections. We do not find the prosecutor committed prosecutorial error by making several objections during Wade's testimony.

¶25 Because we do not find any of these instances amounted to prosecutorial error, "there can be no cumulative effect of [error] sufficient to permeate the entire atmosphere of the trial with unfairness." *See State v. Bocharski*, 218 Ariz. 476, 492, ¶ 75 (2008).

**CONCLUSION**

**¶26** For the foregoing reasons, we affirm Wade's conviction and modify his sentence on count one to reflect that he is entitled to 202 days of presentence incarceration credit.



AMY M. WOOD • Clerk of the Court
FILED: AA