■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LYDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 19, 1988, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no error with the trial court's limitation of defense counsel's cross-examination of a prosecution witness. Through cross-examination, the defense counsel sought to demonstrate that the prosecution witness was unable to place the defendant at the scene by calling another eyewitness who was at the scene, and asking the prosecution witness if he recognized this eyewitness. The trial court validly concluded that such a demonstration involved a collateral matter and was intended solely to impeach the witness's credibility and that the demonstration might confuse and mislead the jury *(see People v Alvino,* 71 NY2d 233, 247-248; *People v Pavao,* 59 NY2d 282, 288-289; *People v Johnson,* 143 AD2d 847; Richardson, Evidence § 147 [Prince 10th ed]).

We also find no error with the trial court's exclusion of

testimony concerning the complaining witness's reputation for bad moral character and his alleged drug trafficking activities. Impeachment of a witness by evidence of his reputation in the community is limited to reputation for truth and veracity, and may not extend to general bad moral character *(see, People v Hinksman,* 192 NY 421). Additionally, impeachment by use of immoral, vicious, or criminal acts is appropriate only on cross-examination, and not by use of extrinsic evidence *(see, People v Pavao, supra;* Richardson, Evidence § 498 [Prince 10th ed]). Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.