■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WARD, Also Known as MARICHAL WARD, Also Known as MARSHALL WARD, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Marrus, J.), all rendered April 19, 1989, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 4914/87, upon a jury verdict, and criminal

sale of a controlled substance in the third degree under Indictment No. 9980/87, and grand larceny in the fourth degree under Indictment No. 8362/88, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record with respect to the defendant's convictions arising out of his pleas of guilty, and agree with his assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel with respect to those convictions is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606).

With respect to the defendant's conviction of criminal sale of a controlled substance in the third degree upon a jury verdict, we find that the evidence, when viewed in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Furthermore, we disagree with the defendant's contention that the conduct of the Trial Judge deprived him of a fair trial. The Trial Judge did not show any bias against the defendant or otherwise indicate that he had any opinion as to the merits of the case, and his conduct did not prevent the jury from arriving at an impartial verdict on the merits (see, People v Moulton, 43 NY2d 944; People v De Jesus, 42 NY2d 519). Thompson, J. P., Harwood, Rosenblatt and Eiber JJ., concur.