■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT McGRIFF, Appellant. [607 NYS2d 980] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered September 23, 1991, convicting

him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from his sale, on January 12, 1991, of eight vials of crack cocaine and the recovery of 53 red-capped vials of crack cocaine from his jacket pocket when he was arrested after the sale. On appeal, the defendant contends that, since the People failed to place a lab report in evidence showing that the substance in the eight vials was crack cocaine, they failed to prove his guilt of criminal sale of a controlled substance in the third degree beyond a reasonable doubt.

The defendant failed to raise this issue at trial. Therefore, it is not preserved for appellate review (see, People v Balls, 69 NY2d 641). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of criminal sale of a controlled substance in the third degree beyond a reasonable doubt. There was expert testimony at trial that the 53 vials found in the defendant's pocket contained crack cocaine. There was additional circumstantial evidence that the eight vials looked exactly like the 53 vials and that the defendant took them out of the same jacket pocket from which the 53 vials were later recovered. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

The trial court did not improvidently exercise its discretion in limiting defense counsel's cross-examination of the People's main witness. The trial court has broad discretion to limit the scope of cross-examination when the questions are of no relevance to the case, or concern issues collateral to the main issue in the case, and pose a danger of misleading the jury (see, People v Scarola, 71 NY2d 769, 777; see also, People v Acevedo, 176 AD2d 886). Furthermore, the trial court did not display any bias against the defendant or indicate that it had any opinion about the merits of the case. Therefore, the comments made by the trial court during the trial did not prevent the jury from reaching an impartial verdict (see, People v Yut Wai Tom, 53 NY2d 44, 57; see also, People v Moulton, 43 NY2d 944, 945; People v De Jesus, 42 NY2d 519, 523; People v Ward, 180 AD2d 702).

We find that the defendant's remaining contention is without merit. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.