■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY PEREZ, Appellant. [619 NYS2d 641] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered January 8, 1991, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, criminal trespass in the second degree, criminal possession of a hypodermic instrument, and resisting arrest, upon a jury verdict, and imposing

sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the determination of the Supreme Court that the showup identification of the defendant was not suggestive in that it occurred in close proximity in time and place to the commission of the crime *(see, e.g., People v Duuvon,* 77 NY2d 541; *People v Suarez,* 201 AD2d 747).

We reject the defendant's claim that the prosecution violated the requirements of *People v Rosario* (9 NY2d 286, *cert denied* 386 US 866) by failing to provide the defendant with notes taken by a police officer during a conversation with one of the complainants. In the absence of any factual showing that these notes actually existed *(see, People v Consolazio,* 40 NY2d 446, 455; *People v Velez,* 161 AD2d 823), the prosecutor's representation sufficed to resolve this issue *(see, People v Cole,* 196 AD2d 634). Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.