◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH WILKINS, Appellant. [633 NYS2d 357] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J., at trial; Miller, J., at sentencing), rendered June 4, 1993, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in denying his request to enter into evidence the 911 tape recording of a phone call from an unidentified cab driver who gave the police a description of the perpetrators. Because the complainant overheard the 911 call and testified on cross-examination that the cab driver's description was accurate, the defendant contends that the 911 tape was admissible pursuant to People v Huertas (75 NY2d 487), for the nonhearsay purpose of assisting the jury in evaluating the complainant's opportunity to observe at the time of the crime and the reliability of his memory.

We conclude that this case is not analogous to People v Huertas (supra), in which the People introduced the complainant's prior consistent description of the perpetrator. Assuming, ar-

guendo, that the complainant here "adopted" the description provided by the cab driver, the defendant was attempting to introduce the contents of the 911 call as a prior inconsistent statement in order to impeach the complainant's credibility. However, the defendant failed to lay the proper foundation for the introduction of a prior inconsistent statement, *inter alia,* by questioning the complainant as to the contents of the 911 tape so that the complainant could explain any inconsistency *(see,* Richardson, Evidence § 214 *et seq.* [Prince 10th ed]). Accordingly, the court did not err in denying the defendant's request to play the 911 tape as part of his direct case.

We disagree with the defendant's contention that he is entitled to a new trial because the People delayed in turning over certain portions of the memo book of a police witness. The defendant suffered no "substantial prejudice" from the delay *(see, People v Martinez,* 71 NY2d 937, 940), especially since the defendant rejected the trial court's offer to give an appropriate curative instruction.

We have considered the defendant's remaining contention and find it to be without merit. Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.