THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BENSON, Appellant. [639 NYS2d 87]

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

It is within the trial court's wide latitude and broad discretion to limit the scope of the cross-examination of witnesses concerning collateral matters designed to impeach their credibility. Where, as here, there has been no improvident exercise of this discretion, the trial court's determination will not be disturbed on appeal (*see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *see also, People v Griffin,* 194 AD2d 738).

Although the defendant requested a missing witness charge, he failed to sustain his initial burden of making a prima facie showing that the witness would naturally be expected to provide testimony favorable to the party who has not called him (*see, People v Kitching,* 78 NY2d 532, 536; *see also, People v Gonzalez,* 68 NY2d 424). Thus, the court did not improvidently exercise its discretion in denying the request.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.