■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MAGRIGOR, Appellant. [721 NYS2d 827] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Demakos, J.), rendered October 30, 1998, convicting him of burglary in the first degree, robbery in the first degree (four counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful imprisonment in the first degree (five counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court, imposed November 13, 1998, which modified the sentence imposed on the conviction of criminal possession of a weapon in the third degree from an indeterminate term of $2\frac{1}{3}$ to 7 years imprisonment to an indeterminate term of $3\frac{1}{2}$ to 7 years imprisonment.

Ordered that the judgment and resentence are affirmed.

The defendant contends that the trial court improperly impeded his ability to present his defense by curtailing his

cross-examination of prosecution witnesses. We disagree. Although a criminal defendant is guaranteed the right to confront all adverse witnesses through cross-examination (*see, Delaware v Van Arsdall,* 475 US 673; *Davis v Alaska,* 415 US 308), that right is not unlimited (*see, People v Stanard,* 42 NY2d 74, 83; *People v Martinez,* 177 AD2d 600). A trial court has broad discretion to limit cross-examination when questions are not relevant to the case or concern collateral issues, and pose a danger of misleading the jury (*see, People v McGriff,* 201 AD2d 672, 673). Here, the trial court properly exercised its broad discretion in limiting the defendant's inquiry regarding an issue that had no relevance to the case (*see, People v Weinberg,* 213 AD2d 506; *People v McGriff, supra,* at 673; *People v Ashner,* 190 AD2d 238, 246; *cf., People v Levy,* 186 AD2d 66, 67).

In addition, the defendant's contention that his convictions of unlawful imprisonment in the first degree should have been dismissed since they merged into his convictions of robbery in the first degree is unpreserved for appellate review (*see, People v Valez,* 206 AD2d 258). In any event, since the unlawful imprisonments and the robberies were discrete acts and the abduction was not merely incidental to the robberies, the merger doctrine is inapplicable and the defendant was properly convicted of both crimes (*see, People v Rodena,* 170 AD2d 418).

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.