■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT YOUNG, Appellant. [764 NYS2d 468] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered June 14, 2001, convicting him of murder in the second degree (two counts), assault in the first degree, burglary in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that the statement of a minor pres-

ent at the scene of the crime that "daddy shot [the decedent]," was improperly admitted under the excited utterance exception to the hearsay rule at trial. This argument is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]), and in any event, is without merit.

In determining whether a statement is admissible as an excited utterance, a court must determine whether "at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful" (People v Edwards, 47 NY2d 493, 497 [1979]).

Here, the circumstances surrounding the statement (i.e., the child's familiarity with, and relationship to, the defendant, the child's young age and emotional state, the short time frame between the incident and the child's statement, the proximity of the child to the scene of the incident, and the continuity of the incident) justify a conclusion that the statement was not made "under the impetus of studied reflection" (People v Edwards, supra at 497), and permits a reasonable inference that the child had an opportunity to observe the shooting (see People v Fratello, 92 NY2d 565 [1998], cert denied 526 US 1068 [1999]).

The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, supra). Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.