■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CATO, Appellant. [772 NYS2d 548]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered October 15, 2002, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his application to review the personnel files of a police officer witness since he failed to present "some factual predicate" supporting such disclosure (*People v Gissendanner,* 48 NY2d 543, 550 [1979]; *see People v Andino,* 291 AD2d 242 [2002]; *People v Davis,* 203 AD2d 300 [1994]; *People v Valentine,* 160 AD2d 325 [1990]; Civil Rights Law § 50-a). Moreover, the Supreme Court properly curtailed the defendant's cross-examination of that witness regarding his motive to falsify. The Supreme Court has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury (*see Delaware v Van Arsdall,* 475 US 673, 679 [1986]; *People v Sul,* 234 AD2d 563 [1996]; *People v Turner,* 243 AD2d 742 [1997]; *People v De Jesus,* 189 AD2d 774 [1993]).

Further, the Supreme Court providently exercised its discretion in considering the defendant's presentence investigation report wherein the defendant denied possessing drugs as a factor in imposing a higher sentence. It is evident from the record that the Supreme Court considered the statement indicative of the defendant's lack of remorse and unwillingness to accept responsibility for his crime (*see People v Burk,* 220 AD2d 891 [1995]; *People v Barnes,* 219 AD2d 527, 528 [1995]).

The defendant's remaining contentions are without merit (*see*

*People v Ali,* 301 AD2d 609 [2003]; *People v Mojica,* 239 AD2d 609 [1997]; *People v Marchese,* 224 AD2d 341 [1996]). Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.