■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED BHUIYAN, Appellant. [801 NYS2d 546]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 24, 2002 (*People v Bhuiyan,* 295 AD2d 622 [2002]), affirming a judgment of the Supreme Court, Queens County, rendered September 7, 2000.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti, P.J., Florio, Ritter and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC J. BLAKE, Appellant. [801 NYS2d 538]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered August 9, 2004, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal sale of marijuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for further proceedings pursuant to CPL 460.50 (5).

The degree of control to be exercised over the nature and extent of cross-examination is a matter addressed to the sound discretion of the trial court (*see People v Schwartzman,* 24 NY2d 241, 244 [1969], *cert denied* 396 US 846 [1969]). Contrary to the defendant's contention on appeal, the trial court providently exercised its discretion in precluding cross-examination of a prosecution witness with regard to collateral matters (*see People v Magrigor,* 281 AD2d 561, 562 [2001]; *People v Thomches,* 172 AD2d 786 [1991]; *People v Lyde,* 160 AD2d 817 [1990]). In any event, the claimed error does not warrant reversal. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.