■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WHITE, Appellant. [836 NYS2d 204]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered September 15, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain of his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Although, prior to the administration of *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]), the defendant was subjected to a brief period of custodial interrogation or its functional equivalent (*see People v Ferro,* 63 NY2d 316, 322-323 [1984], *cert denied* 472 US 1007 [1985]), he made no inculpatory statement, or any statement relating to his conduct in connection with the crime under investigation, until after such warnings had been properly given and waived (*see People v Prater,* 258 AD2d 600 [1999]). In the absence of any such pre-*Miranda* statement, there was no need to determine whether the pre- and post-*Miranda* sessions were part of a "single continuous chain of events" (*People v Paulman,* 5 NY3d 122, 130 [2005]; *see People v Chapple,* 38 NY2d 112, 115 [1975]; *People v Prater, supra*). Nor was there any evidence that the length or conditions of the defendant's pre-interrogation detention affected the voluntariness of his subsequent *Miranda* waiver or statements (*see People v Anderson,* 42 NY2d 35 [1977]).

Accordingly, the hearing court properly denied suppression of the defendant's statements. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.