■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL FRANCISCO, Appellant. [843 NYS2d 439]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered November 13, 2001, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly impeded his ability to present his defense by curtailing his cross-examination of a prosecution witness is not preserved for appellate review (*see People v Lyons,* 81 NY2d 753, 754 [1992]; *People v Mayo,* 17 AD3d 485 [2005]; *People v Fernandez,* 280 AD2d 680, 681 [2001]; *People v Odiot,* 242 AD2d 308, 309 [1997]; *People v Dunbar,* 145 AD2d 501, 502 [1988]). In any event, although a criminal defendant is guaranteed the right to confront all adverse witnesses through cross-examination (*see* US Const 6th Amend; NY Const, art I, § 6; *Davis v Alaska,* 415 US 308, 315-317 [1974]; *Douglas v Alabama,* 380 US 415, 418 [1965]), that right is not unlimited (*see People v Magrigor,* 281 AD2d 561, 562 [2001]). The trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury (*see People v Cato,* 5 AD3d 394 [2004]; *People v Messa,* 299 AD2d 495, 496 [2002]; *People v McGriff,* 201 AD2d 672, 673 [1994]). Here, the court providently exercised its discretion in limiting the cross-examination of the witness since the excluded line of questioning, by which the defendant would have attempted to establish that the witness had a motive to fabricate his testimony, was too remote and speculative and lacked any factual basis (*see People v McGlothin,* 6 AD3d 462, 463 [2004]; *People v Barney,* 277 AD2d 460 [2000]; *People v Stewart,* 188 AD2d 626, 627 [1992]). Moreover, it was not an improvident exercise of discretion for the court to limit the cross-examination of the witness on matters collateral to the direct evidence designed to impeach his credibility (*see*

*People v Gugino,* 229 AD2d 968 [1996]; *People v Benson,* 225 AD2d 557, 558 [1996]; *People v Delcarpio,* 221 AD2d 359, 360 [1995]).

In addition, the contention of the defendant that the court gave an unbalanced interested witness charge by failing to charge that his alleged accomplice, who testified on behalf of the prosecution, was an interested witness, while charging that the defendant was an interested witness as a matter of law, is without merit (*see People v Jean-Baptiste,* 37 AD3d 852, 853 [2007], *lv denied* 9 NY3d 845 [2007]; *People v Ellis,* 150 AD2d 484, 485-486 [1989]; *cf. People v Strawder,* 124 AD2d 758 [1986]). The charge as a whole, which included the instruction that the jury could consider the bias or prejudice of any witness in assessing credibility, was sufficient under the circumstances of this case (*see People v Hernandez,* 11 AD3d 479, 480 [2004]; *People v Cruz,* 262 AD2d 579 [1999]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.