THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GRANT, Appellant. [909 NYS2d 443]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J., at hearing; Arlene Goldberg, J., at jury trial and sentence), rendered November 7, 2007, convicting defendant of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony, since the showup was not so unnecessarily suggestive as to create a substantial likelihood of misidentification (*see Manson v Brathwaite*, 432 US 98 [1977]; *People v Adams*, 53 NY2d 241 [1981]). Both the use of a showup and the manner in which it was conducted were justified by the exigencies of the case and the need for a prompt identification (*see People v Duuvon*, 77 NY2d 541 [1991]). The hearing testimony, and reasonable inferences that may be drawn therefrom, establish that the on-the-scene showup occurred within the range of temporal proximity to the crime that is constitutionally permissible (*see People v Brisco*, 99 NY2d 596, 597 [2003]). The showup was not rendered unduly suggestive by factors "[i]nherent in any showup" (*People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]), including the victim's apparent awareness that he was viewing a possible suspect and the presence of police officers guarding defendant.

Although defendant claims that the court improperly denied his challenge for cause to a prospective juror, the record demonstrates that he only challenged the venireperson at issue peremptorily and not for cause. Regardless of what defense counsel may have been alluding to when he asked the court a question about this panelist, that was insufficient to preserve his present claim (*see People v Borrello*, 52 NY2d 952 [1981]), and any ambiguity was resolved when counsel expressly declined to make such a challenge to this panelist. Accordingly, defendant's claim is unpreserved and we decline to review it in the

interest of justice. As an alternative holding, we also reject it on the merits. The panelist's responses, viewed as a whole, provided an unequivocal assurance of impartiality (*see People v Chambers*, 97 NY2d 417, 419 [2002]).

Defendant was properly adjudicated a second violent felony offender. Defendant failed to show that the time he was in custody for a parole violation was a period of wrongful incarceration that should not have been used for tolling purposes (*see* Penal Law § 70.06 [1] [b] [v]; *People v Love*, 71 NY2d 711 [1988]). Defendant did not substantiate any defect in his parole revocation proceedings, much less one that would require exclusion of this period from the tolling calculation. Concur—Tom, J.P., Saxe, Catterson, Renwick and DeGrasse, JJ.