■ In the Matter of SHAQUILLE M., a Person Alleged to be a Juvenile Delinquent, Appellant. [941 NYS2d 586]—

Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about May 12, 2011, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of menacing in the second degree, and placed him on enhanced supervision probation for a period of 18 months, unanimously affirmed, without costs.

The delinquency petition was legally sufficient. The elements of menacing could be readily inferred from the detailed allegations. Although the petition did not state that appellant was the person who waved a knife, the allegations supported the inference that appellant was at least criminally liable as an accessory (*see* Penal Law § 20.00).

The court properly denied appellant's motion to suppress identification testimony. The showup was in the constitutionally permissible range of temporal and spatial proximity to the incident (*see People v Brisco*, 99 NY2d 596, 597 [2003]). "The showup was not rendered unduly suggestive by factors inherent in any showup, including the victim's apparent awareness that

he was viewing a possible suspect and the presence of police officers guarding [appellant]" (*People v Grant*, 77 AD3d 558, 558 [2010], *lv denied* 16 NY3d 831 [2011] [citations and internal quotation marks omitted]).

The fact-finding determination was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning identification and credibility.

The evidence established that appellant made threatening gestures with a knife in a crowd of people standing at a bus stop. This occurred during a heated argument between two groups of teenagers. During the altercation, appellant's group pushed a girl in the other group off a bus and knocked her to the ground. The evidence supported the conclusion that when appellant waved the knife he intended to place the teenagers on the bus, as well as the complaining witness, who was standing in close proximity to appellant, in fear of physical harm. The overall course of conduct negates the possibility that appellant was waving the knife as some type of innocent horseplay. We have considered and rejected appellant's remaining arguments concerning the sufficiency and weight of the evidence.

The court properly exercised its discretion in placing appellant on probation under the enhanced supervision program. This was the least restrictive dispositional alternative consistent with appellant's needs and the need for protection of the community (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.