■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN OLIVER, Appellant. [959 NYS2d 539]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J.), rendered March 14, 2011, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence. The credibility findings of hearing courts are entitled to deference on appeal, but this Court may make its own findings of fact if it determines that the hearing court incorrectly assessed the evidence (*see People v Anderson*, 91 AD3d 789 [2012]; *People v Meyers*, 80 AD3d 715, 716 [2011]; *People v Rodriguez*, 77 AD3d 280, 284-285 [2010]; *People v O'Hare*, 73 AD3d 812, 813 [2010]; *Matter of Robert D.*, 69 AD3d 714, 716-717 [2010]). Here, we cannot say that the hearing court was incorrect in crediting the testimony of the People's witness at the suppression hearing. Further, the hearing court properly determined that the defendant's statements to the police, made between the time of the lawful stop of his vehicle and his arrest, were admissible, since the defendant was not then in custody (*see People v Yukl*, 25

NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Brown,* 92 AD3d 455, 455-456 [2012]; *People v McAleavey,* 159 AD2d 646 [1990]; *see also Howes v Fields,* 565 US —, —, 132 S Ct 1181, 1190 [2012]; *Berkemer v McCarty,* 468 US 420, 438-439 [1984]; *Miranda v Arizona,* 384 US 436 [1966]; *People v Brown,* 295 AD2d 442, 443 [2002]; *cf. People v Harris,* 93 AD3d 58, 66-67 [2012], *affd* 20 NY3d 912 [2012]).

The defendant's remaining contentions are without merit. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.