# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

833

KA 11-01826

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ELISHA R. SWAIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 26, 2011. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant contends that County Court erred in refusing to suppress identification testimony arising from an unduly suggestive showup identification procedure. We reject that contention. The showup identification procedure took place within 30 minutes of the robbery, in proximity to where the robbery occurred and "in the context of a continuous, ongoing investigation," which was sufficient to establish that the showup procedure was reasonable under the circumstances (*People v Brisco*, 99 NY2d 596, 597; *see People v Lewis*, 97 AD3d 1097, 1098, *lv denied* 19 NY3d 1103; *People v Jacob*, 94 AD3d 1142, 1144, *lv denied* 19 NY3d 962). The showup was not rendered unduly suggestive by the victim's observation of portions of the police investigation or the fact that defendant was in the presence of police officers when the victim identified him (*see People v Santiago*, 83 AD3d 1471, 1471, *lv denied* 17 NY3d 800; *People v Grant*, 77 AD3d 558, 558, *lv denied* 16 NY3d 831). Contrary to defendant's further contention, the court did not err in limiting defendant's cross-examination of the victim concerning his observations of defendant at the time of the robbery. The purpose of a *Wade* hearing is "to test identification testimony for taint arising from official suggestion during 'police-arranged confrontations between a defendant and an eyewitness' " (*People v Dixon*, 85 NY2d 218, 222, quoting *People v*

*Gissendanner*, 48 NY2d 543, 552), and the court did not abuse its discretion in refusing to permit defendant to cross-examine the victim on an issue that was not material to that inquiry (*see generally People v Bryant*, 73 AD3d 1442, 1443, *lv denied* 15 NY3d 850; *People v Snell*, 234 AD2d 986, 986, *lv denied* 89 NY2d 1015).

Finally, we reject defendant's contention that the court erred in refusing to suppress physical evidence seized from his basement following a warrantless search of the house where he resided with his mother. After the police accompanied defendant into the house so that he could retrieve his jacket and boots, defendant's mother verbally consented to the search of the house, led the officers into the basement, and signed a written consent to search the premises. The record establishes that the mother freely and voluntarily consented to the search of the residence (*see People v Santiago*, 41 AD3d 1172, 1173-1174, *lv denied* 9 NY3d 964; *People v Adams*, 244 AD2d 897, 898, *lv denied* 91 NY2d 887).

Entered: September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court