■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHETRAM BHAGWANDIN, Appellant. [989 NYS2d 300]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered October 25, 2011, convicting him of aggravated driving while intoxicated, driving while intoxicated (two counts), unlicensed driving, and speeding, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly declined to admit into evidence the defendant's purported copy of the instruction manual for the breathalyzer instrument on the ground that it was unauthenticated (*see People v Feldman*, 299 NY 153, 168 [1949]; *People v Laracuente*, 21 AD3d 1389, 1391 [2005]). In addition, the Supreme Court properly denied the defendant's request for a judicial subpoena duces tecum to compel production of the copy of the manual in use by the County of Westchester or the New York State Police (*see Matter of County of Nassau Police Dept. v Judge*, 237 AD2d 354 [1997]; *Matter of Constantine v Leto*, 157 AD2d 376, 377 [1990], *affd* 77 NY2d 975 [1991]).

The defendant argues that the Supreme Court deprived him of his constitutional due process rights to a fair trial and to present a defense when it declined to take judicial notice of the definition of the term "civil twilight," an alleged time of day. These

claims are unpreserved for appellate review (*see People v Lane*, 7 NY3d 888, 889 [2006]). In any event, these claims are without merit, as it was an appropriate exercise of the court's discretion to decline to take judicial notice of the definition of "civil twilight" on the ground it would be confusing to the jury (*see Hunter v New York, Ontario & W. R.R. Co.*, 116 NY 615, 621 [1889]; *Ptasznik v Schultz*, 247 AD2d 197, 198-199 [1998]).

Contrary to the defendant's further contention, the People established an adequate evidentiary foundation for the admission into evidence of the breathalyzer results (*see People v Boscic*, 15 NY3d 494, 497, 499-500 [2010]; *People v Todd*, 38 NY2d 755, 756 [1975]; *People v Travis*, 67 AD3d 1034, 1035 [2009]; *People v Murphy*, 101 AD3d 1177, 1178 [2012]).

The defendant contends that the Supreme Court deprived him of his constitutional rights to a fair trial, to present a defense, and to confront adverse witnesses by improperly curtailing his attorney's cross-examination of the People's toxicology expert, restricting his attorney's direct examination of his expert witness, and restricting his attorney's direct examination of him. These contentions are unpreserved for appellate review (*see People v Lane*, 7 NY3d at 889; *People v Sostre*, 51 NY2d 958, 960 [1980]; *People v Johnson*, 40 AD3d 1011, 1012 [2007]; *People v Oguendo*, 305 AD2d 140, 141 [2003]; *People v Robinson*, 41 AD3d 1183, 1183-1184 [2007]) and, in any event, are without merit (*see People v Borukhova*, 89 AD3d 194, 222 [2011]; *People v Francisco*, 44 AD3d 870 [2007]; *see also People v Wilkins*, 221 AD2d 392, 393 [1995]; *People v Ashner*, 190 AD2d 238, 246-247 [1993]).

The Supreme Court appropriately instructed the jury that a breathalyzer test administered by a person possessing a valid New York State Department of Health permit allows, but does not require, an inference that the test was properly conducted (*see* Vehicle and Traffic Law § 1194 [4] [c]).

The defendant's remaining contention is without merit. Skelos, J.P., Dillon, Roman and Maltese, JJ., concur.