■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CRUZ, Appellant. [15 NYS3d 692]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 24, 2013, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chun, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the testimony given by a detective at the suppression hearing was not manifestly untrue or contrary to experience, and the testimony did not appear to have been patently tailored to nullify constitutional objections (*see People v Blake*, 123 AD3d 838, 838-839 [2014]; *People v Lewis*, 117 AD3d 751, 752 [2014]; *People v Phillips*, 84 AD3d 1274 [2011]). Although, upon the exercise of our factual

review power, this Court may make its own findings of fact if it determines that the hearing court incorrectly assessed the evidence, we cannot say that the hearing court was incorrect in crediting the detective's testimony (*see People v Lewis*, 117 AD3d at 752; *People v Woods*, 115 AD3d 997, 998 [2014]; *People v Oliver*, 103 AD3d 817 [2013]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

"[T]he trial court has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury" (*People v Pena*, 113 AD3d 701, 702 [2014] [internal quotation marks omitted]). Contrary to the defendant's contention, the trial court did not deprive him of his right to confront the witnesses against him by limiting his cross-examination of the detective at trial (*see id.*; *People v Rivera*, 98 AD3d 529 [2012]; *People v Legere*, 81 AD3d 746, 750 [2011]). Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.