■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JABERIE PAGE, Appellant. [26 NYS3d 567]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 23, 2013, convicting him of criminal possession of a weapon in the second degree (two counts), unlawful possession of pistol ammunition, criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree, unlawful possession of marijuana, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from his vehicle. "Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime" (*People v Vargas*, 89 AD3d 771, 772 [2011]; *see People v Blasich*, 73 NY2d 673, 678-679 [1989]; *People v Tieman*, 112 AD3d 975, 976 [2013]). Here, the police had probable cause to search the defendant's vehicle after a detective observed a gun on the front passenger seat of the vehicle. Contrary to the defendant's contention, the detective's testimony that he saw a gun on the front passenger seat was not incredible or patently tailored to overcome constitutional objections (*see People v Cruz*, 131 AD3d 706 [2015]; *People v Abraham*, 111 AD3d 756 [2013]).

The defendant's contention that the Supreme Court gave erroneous instructions regarding reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Robinson*, 88 NY2d 1001, 1001-1002 [1996]). In any event, the jury instructions, taken as a whole, conveyed the correct standard to be employed with respect to the burden of proof, including reasonable doubt (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v King*, 73 AD3d 1083, 1084 [2010]; *People v Coles*, 62 AD3d 1022, 1023 [2009]; *People v Love*, 37 AD3d 618, 619 [2007]; *People v Sanchez*, 29 AD3d 608 [2006]).

Contrary to the defendant's contention, his trial counsel was not ineffective (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.