■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CABALLERO, Appellant. [27 NYS3d 84]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered September 10, 2014, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. .

Ordered that the judgment is affirmed.

The defendant's contention that his conviction was not supported by legally sufficient evidence is largely unpreserved for appellate review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution is not preserved for ap-

pellate review (*see People v Walker*, 70 AD3d 870, 871 [2010]). In any event, the contention is without merit. While the Confrontation Clause guarantees an opportunity for effective cross-examination, it does not guarantee a cross-examination "that is effective in whatever way, and to whatever extent, the defense might wish" (*Delaware v Fensterer*, 474 US 15, 20 [1985]; *see People v Burns*, 6 NY3d 793, 795 [2006]; *People v Goodson*, 35 AD3d 760, 761 [2006]). It is within the discretion of the trial court to limit the scope of cross-examination when questions are irrelevant, concern collateral issues, or risk misleading the jury (*see Delaware v Van Arsdall*, 475 US 673, 679 [1986]; *People v Legere*, 81 AD3d 746, 750 [2011]; *People v Gaviria*, 67 AD3d 701 [2009]; *People v Francisco*, 44 AD3d 870 [2007]). Here, the court's limitation of the defense cross-examination was a provident exercise of its discretion.

The prosecution is required to turn over to the defense counsel all statements of a prosecution witness relating to the subject matter of the witness's testimony (*see* CPL 240.45 [1] [a]; *People v Rosario*, 9 NY2d 286 [1961]). Here, the representation by the prosecutor, that no prior statements of the subject witness requested by defense counsel existed, satisfied the prosecutor's burden, since the defendant could not articulate a factual basis for his claim that the prosecutor improperly denied the existence of such statements (*see People v Poole*, 48 NY2d 144, 149 [1979]; *People v Rodriguez*, 270 AD2d 505 [2000]; *People v Perez*, 209 AD2d 643, 644 [1994]). Therefore, a *Rosario* hearing was not warranted.

Contrary to the defendant's contention, the Supreme Court properly admitted into evidence a statement of a certain witness as an excited utterance. The circumstances surrounding the statement warrant the conclusion that the statement was not made "under the impetus of studied reflection" (*People v Edwards*, 47 NY2d 493, 497 [1979]), and permit a reasonable inference that the declarant had an opportunity to observe the altercation that led to the victim's death (*see People v Fratello*, 92 NY2d 565, 571 [1998]; *People v Young*, 308 AD2d 555, 556 [2003]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.