THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LINFORD MCKENZIE, Appellant. [49 NYS3d 708]—

Appeals by the defendant from (1) a judgment of the Supreme
Court, Queens County (Kohm, J.), rendered March 31, 2015,
convicting him of criminal possession of a weapon in the second
degree and criminal possession of a weapon in the third degree,
upon a jury verdict, and imposing sentence, and (2) a resentence
of the same court dated April 7, 2015. The appeals bring up for
review the denial, after a hearing (Aloise, J.), of that branch of
the defendant's omnibus motion which was to suppress physi-
cal evidence.

Ordered that the judgment and the resentence are affirmed.

At a hearing on the defendant's motion to suppress physical
evidence, Police Officer Alfred Lawrence testified that on the
night of July 7, 2010, he responded to a radio call regarding an
officer in need of assistance in apprehending a suspect at a res-
idence in Queens. After he and several fellow officers searched
a garage at the premises and recovered a gun from the garage,
Officer Lawrence walked to the front of the residence and
observed a vehicle parked at the curb, with the defendant
seated in the driver's seat. As the suspect was still at large, Of-
ficer Lawrence approached the passenger side of the vehicle
and shined his flashlight into the car, observing a clear plastic
bag containing what appeared to be marijuana in the center
console, and the butt of a handgun protruding from a shoulder
bag on the front passenger seat. The defendant was removed
from the car and placed under arrest.

The defendant's counsel sought to cross-examine Officer
Lawrence with regard to the discovery of the gun in the ga-
rage, and the arrest of several other suspects in connection
therewith, in an effort to challenge the officer's credibility. The
prosecutor objected to this line of questioning, and the hearing
court sustained the objections on the ground that the question-
ing concerned matters collateral to the issue to be decided at
the hearing. The defense then presented testimony from three
acquaintances of the defendant who had been present at the
scene. Each of them stated that the defendant was detained
with other suspects on the front lawn of the residence, and
that the police only approached the subject vehicle and
recovered items from it after they had already searched the de-

fendant's person and recovered a key fob for the car from him. At the conclusion of the hearing, the court credited the testimony of Officer Lawrence and denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

Contrary to the defendant's contention, the hearing court did not improperly curtail the cross-examination of Officer Lawrence. The proposed cross-examination was clearly collateral to the subject of the hearing, as defense counsel sought to explore the discovery of a gun in the garage, the arrests of other suspects in connection with the recovery of that firearm, and the ultimate disposition of those other charges. Since these matters were not relevant to the arrest of the defendant, and since the hearing court otherwise provided defense counsel with wide latitude to properly challenge the credibility of the officer's account of the defendant's arrest and the recovery of contraband from the vehicle, the court did not improvidently exercise its broad discretion in refusing to permit cross-examination on issues that were not material to the hearing inquiry (*see People v Cruz*, 131 AD3d 706, 707 [2015]; *People v Swain*, 109 AD3d 1090, 1091 [2013]; *People v Bryant*, 73 AD3d 1442, 1443 [2010]; *Matter of Sheldon G.*, 234 AD2d 459, 459-460 [1996]; *People v Presha*, 190 AD2d 1005 [1993]).

Similarly unavailing is the defendant's contention that Officer Lawrence's hearing testimony was patently incredible. The determinations of a hearing court as to matters of credibility are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Rivera*, 60 AD3d 788, 789 [2009], *mod* 15 NY3d 207 [2010]; *People v Parker*, 306 AD2d 543, 543 [2003]; *People v Williams*, 303 AD2d 608, 608 [2003]). Here, the officer's testimony was neither manifestly untrue nor patently tailored to overcome constitutional objections, and there is no basis in the record upon which to disturb the hearing court's determination (*see People v Page*, 137 AD3d 817, 817 [2016]; *People v Boyd*, 136 AD3d 935, 936 [2016]; *People v Cruz*, 131 AD3d at 706).

The defendant's further contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the

evidence (*see People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 420 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.