People v Call (2018 NY Slip Op 04750)





People v Call


2018 NY Slip Op 04750


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-00703
 (Ind. No. 39/15)

[*1]The People of the State of New York, respondent,
v
George Call, appellant.


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen Greller, J.), rendered December 14, 2015, convicting him of rape in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officers.
ORDERED that the judgment is affirmed.
The defendant's argument that statements he made before and after the administration of Miranda warnings (see Miranda v Arizona, 384 US 436) should have been suppressed as part of a "single continuous chain of events" in which he was subjected to custodial interrogation (People v Paulman, 5 NY3d 122, 130 [internal quotation marks omitted]; see People v Chapple, 38 NY2d 112, 115), is without merit. Even if the defendant was subjected to a period of custodial interrogation or its functional equivalent prior to the administration of Miranda warnings (see People v Ferro, 63 NY2d 316, 322-323), he made no inculpatory statement, or any statement relating to his conduct in connection with the crime under investigation, until after such warnings had been properly given and his Miranda rights were effectively waived (see People v White, 40 AD3d 662, 662, affd 10 NY3d 286; People v Prater, 258 AD2d 600, 601). "In the absence of any such pre-Miranda statement, there was no need to determine whether the pre- and post-Miranda sessions were part of a single continuous chain of events'" (People v White, 40 AD3d at 663, quoting People v Paulman, 5 NY3d at 130; see People v Chapple, 38 NY2d at 115). Nor was there evidence that the length or conditions of the defendant's pre-interrogation detention affected the voluntariness of his [*2]subsequent Miranda waiver (see People v Anderson, 42 NY2d 35, 39-41; People v White, 40 AD3d at 663). Accordingly, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officers was properly denied.
In addition, we agree with the County Court's determination to limit the defendant's cross-examination of a police officer at the Huntley hearing (People v Huntley, 15 NY2d 72; see People v McKenzie, 148 AD3d 936, 937; People v Amaya, 103 AD3d 907, 908). The court only limited the cross-examination after defense counsel asked the officer why his partner made a certain remark during the defendant's digitally recorded interview. Since this question called for speculation, the People's objection thereto was properly sustained (see People v Bhagwandin, 119 AD3d 810, 811; People v Francisco, 44 AD3d 870, 870; People v Barney, 277 AD2d 460, 460).
Insofar as the defendant argues that the County Court should have directed him to submit to a psychiatric examination before accepting his plea of guilty, the argument is not preserved for appellate review since the defendant failed to raise the issue at a time when it might have been remedied (see CPL 470.05[2]; People v Carbone, 159 AD2d 511, 511). In any event, the colloquy between the defendant and the court at the plea proceeding did not reveal a reasonable ground to believe that the defendant lacked the capacity to understand the proceeding against him or to assist in his own defense (see People v Keiser, 100 AD3d 927, 929; People v Ramirez, 29 AD3d 1022, 1022; People v Rowley, 222 AD2d 718, 718).
Review of the defendant's contention that the indictment contained duplicitous counts was forfeited by his plea of guilty (see People v Hansen, 95 NY2d 227, 230; People v Beattie, 80 NY2d 840, 842; People v Shand, 105 AD3d 777, 777; People v Bracewell, 26 AD3d 812, 812; People v Aiello, 153 AD2d 988, 990; People v Caban, 129 AD2d 721, 721).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 83).
To the extent the defendant argues that the County Court improperly denied his motion for resentencing, this contention is not properly before this Court since the order determining that motion was issued after the judgment of conviction and cannot be reviewed on this appeal.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court