People v Ahsan (2019 NY Slip Op 01085)





People v Ahsan


2019 NY Slip Op 01085


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-01722
 (Ind. No. 40033/17)

[*1]The People of the State of New York, respondent,
v
Ali Ahsan, appellant.


Segal & Greenberg, LLP, New York, NY (Philip C. Segal of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Catherine M. DiDominico, J.), rendered December 20, 2017, convicting him of attempted assault in the third degree and harassment in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Although a criminal defendant is guaranteed the right to confront adverse witnesses through cross-examination (see US Const 6th Amend; NY Const, art I, § 6), that right is not unfettered (see People v Francisco, 44 AD3d 870, 870; People v Magrigor, 281 AD2d 561, 562). The trial court has broad discretion in limiting cross-examination when questions are repetitive, irrelevant, only marginally relevant, or concern collateral issues (see People v Cruz, 131 AD3d 706, 707; People v Francisco, 44 AD3d at 870; People v Cato, 5 AD3d 394, 394). Here, we agree with the Supreme Court's determination to limit the defendant's inquiry during his cross-examination of the prosecution witness, who was the complainant's brother, about the particular model of the cell phone used to take photographs of the complainant's injuries (see People v Cruz, 131 AD3d at 707; People v Rivera, 98 AD3d 529, 529).
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish intent to cause physical injury (see Penal Law §§ 120.00[1]; 110.00; CPL 470.05[2]; People v Gray, 86 NY2d 10, 19-20; People v Carrington, 155 AD3d 888, 889). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), the defendant's intent to cause physical injury can be inferred from evidence that the defendant grabbed the complainant's arms with both his hands, squeezed her arms, and "threw [her] back" (see People v Carrington, 155 AD3d at 889; Matter of Eric C., 281 AD2d 543, 544; Matter of Marcel F., 233 AD2d 442, 442-443).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight [*2]of the evidence (see People v Romero, 7 NY3d 633, 643-644).
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court