People v Gittens (2019 NY Slip Op 09284)





People v Gittens


2019 NY Slip Op 09284


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-07214
 (Ind. No. 7330/13)

[*1]The People of the State of New York, respondent,
v
Peter Gittens, appellant.


Janet E. Sabel, New York, NY (Robin Richardson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Sullivan & Cromwell LLP [Andrew N. Stahl], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Harrington, J.), rendered July 13, 2015, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Although a criminal defendant is guaranteed the right to confront adverse witnesses through cross-examination (see US Const 6th Amend; NY Const, art I, § 6), that right is not unfettered (see People v Caballero, 137 AD3d 929, 930; People v Francisco, 44 AD3d 870, 870). "The trial court has broad discretion to limit the scope of cross-examination when the questions are irrelevant or only marginally relevant, concern collateral issues, or pose a danger of misleading the jury" (People v Francisco, 44 AD3d at 870; see People v Cato, 5 AD3d 394). "In cross-examining a law enforcement witness, the same standard for good faith basis and specific allegations relevant to credibility applies, as does the same broad latitude to preclude or limit cross-examination" (People v Crupi, 172 AD3d 898, 899 [internal quotation marks omitted]; see People v Smith, 27 NY3d 652, 661-662). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding defense counsel from cross-examining a police witness concerning a certain finding made by a federal court in an unrelated criminal proceeding (see People v McFaline, 167 AD3d 465, 466; People v McKenzie, 148 AD3d 936, 937; People v Cruz, 131 AD3d 706, 707; People v Elliot, 127 AD3d 779, 780).
"The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Farrar, 52 NY2d 302, 305). Here, considering all of the circumstances, it cannot be said that the sentencing court failed to observe sentencing principles. Further, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court